**IN THE COURT OF APPEALS OF IOWA**

No. 13-1983
Filed March 12, 2014

**IN THE INTEREST OF S.C.,**
**Minor Child,**

**S.C., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Brett H. Schilling of Schilling Law Office, P.C., Waterloo, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Kasey E. Wadding, County Attorney, for appellee State.

Heather A. Prendergast of Roberts, Stevens, Prendergast and Guthrie, P.L.L.C., Waterloo, attorney and guardian ad litem for appellee minor child.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

The father appeals the termination of his parental rights.[1] We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

S.C. was born in May 2009. The child was involved in child-in-need-of-assistance (CINA) proceedings in 2009-10. The father did not participate then in services. The child was again adjudicated a CINA in September 2012. The child has never lived with the father. The father testified he has seen the child about ten times during the child's lifetime. According to social worker, Melisa Lammers, the father has not seen the child since 2010. The father pays some minimal child support. He has not participated in any services during these CINA proceedings. Though he expressed an interest in visitation in May 2013, he did not follow through. The petition to terminate parental rights was filed on October 11, 2013. The father contacted Ms. Lammers on October 15, 2013, to express his objection to the petition to terminate his parental rights.

The child is living with the maternal aunt and uncle, who have adopted a half-sibling, and who have started the process to adopt S.C. The child is doing well in that placement.

On December 3, 2013, the father's parental rights were terminated pursuant to Iowa Code section 232.116(1)(b) and (e) (2013).[2] He now appeals,

---

[1] The mother's parental rights were also terminated. She did not appeal.
[2] Section 232.116(1) allows termination of parental rights where:

　　b. The court finds that there is clear and convincing evidence that the child has been abandoned or deserted.
　　. . . .
　　e. The court finds that all of the following have occurred:

contending there is not clear and convincing evidence he intended to abandon his child or that he failed to maintain significant and meaningful contact. He also argues termination is not in the child's best interests under section 232.116(2), and further, the court should have declined to terminate his parental rights under section 232.116(3)(a).

Iowa Code subsection 232.116(1)(e)(3) provides:

For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

The statute provides that significant and meaningful contact requires "a genuine effort to maintain communication with the child." Iowa Code § 232.116(1)(e)(3). The father has not maintained any communication with S.C. The father's purported intent to parent sometime in the future does not excuse his failure to have any role in his child's life up to this point. His parental rights were properly terminated on this basis. Because we affirm on this ground, we need not consider the other ground upon which the father's parental rights were terminated. *See In re D.W.* 791 N.W.2d 703, 707 (Iowa 2010).

---

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
(3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.

We also find the juvenile court properly considered and determined that termination was in the child's best interests as defined by statute. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we conclude termination and adoption is in this child's best interests. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

The father argues termination need not occur because the child is placed with relatives. *See* Iowa Code § 232.116(3)(a) (providing termination need not occur if "[a] relative has legal custody of the child"). The factors weighing against termination in section 232.116(3) are permissive, not mandatory. *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011). S.C. is not in the legal custody of relatives; rather, the CINA proceedings resulted in her legal custody being transferred to the department of human services. *In re A.M.*, ___ N.W.2d ___, ___, 2014 WL 685401, at *12 (Iowa 2014). We affirm the termination of the father's parental rights.

**AFFIRMED.**